UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION No. 4:15-cv-3090 |
| ACCUDATA SYSTEMS, INC. | § § § | |
| *Defendant.* | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Hartford Fire Insurance Company ("HFIC") and Hartford Casualty Insurance Company ("HCIC"), file this insurance coverage action naming Accudata Systems, Inc., as Defendant, and requests the Court to enter declaratory relief in the Plaintiffs' favor finding no coverage under their policies and, accordingly, no duty to defend or indemnify the Defendants in an underlying lawsuit and subsequent settlement.

#### PARTIES

1.  Plaintiff Hartford Fire Insurance Company is an insurance company, duly organized, incorporated, and existing under the laws of the State of Connecticut, authorized to issue insurance policies in the State of Texas, with its principal place of business in the State of Connecticut.

2.  Plaintiff Hartford Casualty Insurance Company is an insurance company, duly organized, incorporated, and existing under the laws of the State of Indiana, authorized to issue insurance policies in the State of Texas, with its principal place of business in the State of Connecticut.

3. Defendant Accudata Systems, Inc. is a Texas corporation doing business in Harris County, Texas. It can be served by serving its registered agent, Patrick T. Dickson, at 7906 N. Sam Houston Parkway West #300, Houston, Texas 77064.

### NATURE OF THE ACTION

4. This is an action for declaratory judgment regarding insurance coverage pursuant to 28 U.S.C. §2201 and FED. R. CIV. P. 57, for the purpose of determining an actual controversy between the parties. Venue is proper in Harris County because Accudata obtained the insurance subject of this cause in Houston, Harris County, Texas. Plaintiff seeks only declaratory relief but settlement of the underlying matter by Accudata was for $7 million, an amount exceeding $75,000.00 in controversy.

### FACTS

**A.     The Underlying Lawsuit**

5. On December 15, 2009, Function One Consulting Group, LLC ("Function One") sued Accudata and others in a lawsuit styled Cause No. 2009-79590; *Function One Consulting Group, LLC v. Accudata Systems, Inc.*; In the 113th Judicial District of Harris County, Texas (the "Lawsuit").

6. The Lawsuit was tried to a verdict, with a jury returning a verdict against Accudata in the amount of $11,400,000.00 on March 12, 2014.

7. After the jury returned the above-referenced verdict, and prior to any party in the Lawsuit filing post-verdict motions or the Court rendering judgment in the Lawsuit, Accudata and Function One settled the Lawsuit on March 27, 2014. In the settlement, Accudata agreed to pay Function One $7,000,000.00 within five (5) days of execution of the settlement agreement, and all parties to the Lawsuit agreed to non-suit all claims asserted in the Lawsuit with prejudice,

and the parties waived any rights to appeal. The parties to the Lawsuit filed a joint motion for non-suit with prejudice as to all claims in the Lawsuit on April 11, 2014, and an order was signed by the court granting said motion on April 16, 2014.  These actions effectively ended the litigation.

**B.    The Hartford Policies**

8.    Hartford Fire issued a single Commercial General Liability policy identified as 61 UUNNF9941 to Accudata for the policy period September 12, 2009 to September 12, 2010 (the "Primary Policy"), while Hartford Casualty issued an Umbrella Liability policy identified as 61 RHUNF8840 for that same policy period (the "Umbrella Policy"). Among other terms and conditions, the Primary Policy contains the following language:

> **2.    Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> \* \* \*
>
> b.    Notice Of Claim
>
> If a claim is made or "suit" is brought against any insured, you or any additional insured must:
>
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
>
> (2) Notify us as soon as practicable
>
> You or any additional insured must see it to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> \* \* \*
>
> d.    Obligations At The Insureds Own Cost
>
> No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without consent.

9. "Suit" is defined in the Primary Policy to include "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."

10. The Umbrella Policy contains similar language to the Primary Policy:

**C.  Duties In The Event Of Occurrence, Claim or Suit**

* * *

2. If a claim is made or "suit" is brought against any insured, you must:

    a. Immediately record the specifics of the claim or "suit" and the date received; and

    b. Notify us in writing as soon as practicable if the claim is likely to exceed the amount of the "self-insured retention" or "underlying insurance", whichever applies.

* * *

4. No insured will, except at the insured's own cost, make or agree to any settlement for a sum in excess of:

    a. The total limits of "underlying insurance"; or

    b. The "self-insured retention" if no "underlying insurance" applies without our consent.

5. No insured will, except at that insured's own cost, make a payment, assume any obligation, or incur any expenses, other than first aid, without consent.

**C.  Notice To Hartford**

11. On August 26, 2015, more than 4 ½ years after the Lawsuit was commenced against Accudata, and more than a year since the settlement of the Lawsuit, Accudata sent a letter to The Hartford seeking defense and settlement costs in connection with the Lawsuit. At no time prior to this letter had Accudata provided notice to Hartford Fire or Hartford Casualty of the

Lawsuit, nor did it request consent from Hartford Fire or Hartford Casualty regarding its settlement payment to Function One.

12. Accudata's failure to provide notice of the Lawsuit to Hartford Fire and Hartford Casualty until after the Lawsuit was settled is a breach of the notice provision of the Hartford policies at issue as Accudata failed to provide notice of the Lawsuit as soon as practicable. Accudata's failure to give the required notice prejudiced Hartford Fire and Hartford Casualty as a matter of law and precludes coverage under the Hartford policies at issue.

13. Furthermore, Accudata's failure to seek consent for the settlement of the Lawsuit from Hartford Fire and Hartford Casualty until after the Lawsuit was settled is a breach of the settlement-without-consent provision of the Hartford policies at issue, a clear condition precedent to coverage. Accudata's funding of a settlement without notice to Hartford Fire or Hartford Casualty constitutes a "voluntary payment" under which the policies for which there is no coverage. Accudata's failure to seek consent for the settlement of the Lawsuit from Hartford Fire and Hartford Casualty constitutes a breach of condition precedent to coverage as a matter of law and precludes coverage under the Hartford policies at issue.

## CAUSES OF ACTION

### DECLARATORY RELIEF

14. Plaintiffs seek Declaratory Relief from this Court pursuant to 28 USC §2201 and FRCP 57. Specifically, Plaintiffs petition this Court to enter the following declaration:

(i) Accudata failed to provide timely notice to Hartford Fire or Hartford Casualty of the Lawsuit as required by the respective insurance policies;

(ii) Hartford Fire and Hartford Casualty were prejudiced as a matter of law as a result of Accudata's failure to provide notice of the Lawsuit until after the Lawsuit was settled;

(iii) Accudata failed to seek consent for the settlement of the Lawsuit from Hartford Fire and Hartford Casualty as required by the respective insurance policies and as such, made voluntary payments under the policies;

(iv) Accudata's failure to seek consent for the settlement of the Lawsuit until after the Lawsuit was settled constitutes breach of a condition precedent to coverage as a matter of law; and

(v) Neither Hartford Fire nor Hartford Casualty are required to pay defense costs of Accudata incurred in the Lawsuit or to indemnify Accudata for any amounts it paid under the settlement agreement in the Lawsuit.

15. Plaintiffs request that the Court award their costs and reasonable and necessary attorney's fees as are equitable and just pursuant to _____

## CONCLUSION

For these reasons, Plaintiffs respectfully request that upon final hearing, Hartford Fire Insurance Company and Hartford Casualty Insurance Company be awarded judgment declaring that:

(i) Accudata failed to provide timely notice to Hartford Fire or Hartford Casualty of the Lawsuit as required by the respective insurance policies;

(ii) Hartford Fire and Hartford Casualty were prejudiced as a matter of law as a result of Accudata's failure to provide notice of the Lawsuit until after the Lawsuit was settled;

(iii) Accudata failed to seek consent for the settlement of the Lawsuit from Hartford Fire and Hartford Casualty as required by the respective insurance policies and as such, made voluntary payments under the policies;

(iv) Accudata's failure to seek consent for the settlement of the Lawsuit until after the Lawsuit was settled constitutes breach of a condition precedent to coverage as a matter of law; and

(v) Neither Hartford Fire nor Hartford Casualty are required to pay defense costs of Accudata incurred in the Lawsuit or to indemnify Accudata for any amounts it paid under the settlement agreement in the Lawsuit.

Plaintiffs further pray that the Court award their costs and reasonable and necessary attorney's fees as are equitable and just pursuant and for such other relief, general or special, at law or in equity, to which they may be justly entitled.

                                              Respectfully submitted,

                                              CHAMBERLAIN, HRDLICKA, WHITE,
                                              WILLIAMS & AUGHTRY

                                        By:      /s/ Christine Kirchner
                                                        Christine Kirchner
                                                        State Bar No. 00784403
                                                        c.kirchner@chamberlainlaw.com
                                                        Cade W. White
                                                        State Bar No. 24051516
                                                        cade.white@chamberlainlaw.com
                                                        1200 Smith Street, Suite 1400
                                                        Houston, Texas 77002
                                                        Telephone: (713) 658-1818
                                                        Telecopier: (713) 658-2553

                                            ATTORNEY FOR PLAINTIFFS

1991429